# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH, | CASE NO. 1:12-cv–00452-BAM PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| P. JOHNSON, et al., | (ECF Nos. 1, 3) |
| Defendants. | THIRTY DAY DEADLINE |

## I. Screening Requirement

Plaintiff Isabel Tubach is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 22, 2012, Plaintiff filed a complaint and motion for a temporary restraining order.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

## II. Plaintiff's Allegations

Plaintiff's complaint alleges that on March 19, 2012, Defendants Johnson was in charge of her, and he allowed Defendant Guzman to rape and sodomize her. Plaintiff is seeking a temporary restraining order because Defendant Guzman has given her a very poisonous substance and has caused her to suffer ten heart attacks. (Compl. 3, ECF No. 1.)

In the motion for a temporary restraining order, Plaintiff claims that, while her cellmate Penzoil was in the room, Defendant Guzman raped and sodomized her on March 19, 2012. Allegedly, this was witnessed by Mr. Childs and Mr. Brown.  Later that same day, Plaintiff's cellmate Loza administered a drug to Plaintiff, while she was watching television, to allow Defendant Guzman to rape her a second time. (Motion for Temporary Restraining Order 1, ECF No. 3.)  Plaintiff also states that Defendant Guzman has put a poisonous substance in her nose that caused her to have ten heart attacks between September 18, 2011, and January 15, 2012. (Id. at 1-2.) The "Mexican Indian" officers are poisoning Plaintiff in all the clinics and law library.  Defendant Guzman is sending all the officers on duty to sexually abuse Plaintiff and put a poisonous substance in her nose. (Id. at 3.)

**III.    Discussion**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001).  Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006)).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1.  The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a).  Three levels of appeal are involved; the first level, second level, and third level. Id. at §§ 3084.2, 3084.7. Appeals must be submitted within thirty calendar days of the event being appealed, and the process is initiated by submission of the appeal to the appeals coordinator. Id. at § 3084.8(b).  Once the third level review is complete, the inmate has exhausted his administrative remedies. Id. at § 3084.1(b)

In order to satisfy section 1997e(a), California state prisoners are required to use the available

2

process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81 (2006). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5).

There is no exception to the exhaustion requirement for imminent harm. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending. Lira, 427 F.3d at 1171. Because it is clear from the face of Plaintiff's complaint that she could not yet have exhausted the administrative grievance procedure, this action must be dismissed.[1] 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . ."); see also Davis v. Pineda, 347 Fed.Appx. 343 (9th Cir. 2009) (unpublished).

## IV. Conclusion and Order

Accordingly it is HEREBY ORDERED that Plaintiff show cause why this action should not be dismissed for failure to exhaust administrative remedies within thirty (30) days of the date of service of this order. Failure to follow this order will result in the action being dismissed, without prejudice, for failure to comply with the order of the Court.

IT IS SO ORDERED.

Dated:   **March 27, 2012**          **/s/ Barbara A. McAuliffe**
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent Plaintiff believes she is in danger, she has other avenues of relief available to her, including filing a petition for writ of habeas corpus in state court. E.g., In re Estevez, 83 Cal.Rptr.3d 479, 491 (Cal. Ct. App. 2008).