# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH,<br><br>    Plaintiff,<br><br>    v.<br><br>P. JOHNSON, et al.,<br><br>    Defendants. | CASE NO. 1:12-cv–00452-BAM PC<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |

Plaintiff Isabel Tubach is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the complaint, filed March 22, 2012. (ECF No. 1.) On March 28, 2012, the Court screened the complaint and issued an order to show cause for failure to exhaust administrative remedies prior to filing suit. (ECF No. 6.) On April 26, 2012, Plaintiff filed a response alleging imminent danger and stating that she has filed a suit against the appeal coordinator alleging that Defendant Guzman has told her not to process Plaintiff's grievances. (ECF No. 9.)

"[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5). Where the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending. Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006); Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005); McKinney v. Carey. 311 F.3d 1198, 1200-01 (9th Cir. 2002).

While Plaintiff states that she is danger and this action should not be dismissed, there is no exception to the exhaustion requirement for imminent harm. Jensen v. Knowles, 621 F.Supp.2d 921, 927 (E.D.Cal. 2008). To the extent that Plaintiff is attempting to argue that it would be futile for her

to attempt to exhaust administrative remedies, the Supreme Court has cautioned courts against reading futility or other exceptions into the Prison Litigation Reform Act requirements. See Booth v. Churner, 532 U.S. 731, 741 n.6, 121 S.Ct. 1819 (2001). If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending. Lira, 427 F.3d at 1171.

Since Plaintiff filed this action on March 22, 2012, and incidents alleged occurred on March 19, 2012, Plaintiff could not have exhausted administrative remedies prior to filing suit.[1] Although Plaintiff states that she has filed an action against the appeals coordinator, Plaintiff does not claim that she made any attempt to access the prison grievance process, therefore she has failed to exhaust administrative remedies. Because it is clear from the face of Plaintiff's complaint that she has not yet exhausted the administrative grievance procedure, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . ."); see also Davis v. Pineda, 347 Fed.Appx. 343 (9th Cir. 2009) (unpublished).

Accordingly it is HEREBY ORDERED that:

1. This action be dismissed, without prejudice, for failure to exhaust administrative remedies prior to filing suit;

2. All pending motions are terminated; and

3. The Clerk of the Court is ordered to close this action.

IT IS SO ORDERED.

**Dated:   April 27, 2012**                    /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE

---

[1] To the extent Plaintiff believes she is in danger, she has other avenues of relief available to her, including filing a petition for writ of habeas corpus in state court. E.g., In re Estevez, 83 Cal.Rptr.3d 479, 491 (Cal. Ct. App. 2008); In re Brindle, 154 Cal.Rptr. 563 (Cal. Ct. App. 1979).